UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:15-CR-266-T-17AAS

JOSUEL ORTIZ.
_____/

ORDER

This cause is before the Court on:

Dkt. 46     Motion for Modification of Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(2)

Defendant Josuel Ortiz, pro se, requests modification of Defendant's term of imprisonment pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 782. Defendant Ortiz asserts that his current guideline sentence has been reduced to meet the mandatory minimum. USSG Sec. 5G1.1. Defendant Ortiz requests that Defendant's term of imprisonment be reduced to the mandatory minimum of 120 months.

I. Background

Defendant Josuel Ortiz was sentenced on August 5, 2016 in this case and in Case No. 8:15-CR-281-T-17JSS.

In this case, Defendant Ortiz was charged with Being Found in the United States After Deportation Without Having Received Consent to Re-apply for Admission, in violation of 8 U.S.C. Sec. 1326(a) and (b)(1), and Illegal Entry, in violation of 8 U.S.C. Sec. 1325(a) and 1329. Defendant Ortiz entered a plea of guilty to Counts One and Two, without a Plea Agreement. (Dkt. 23).

Case No. 8:15-CR-266-T-17AAS

Defendant Ortiz was sentenced as follows: Count One: 120 months imprisonment; 3 years supervised release; fine waived; $100 special assessment fee; Count Two: 24 months imprisonment (concurrent); 1 year supervised release (concurrent); fine waived; $100 special assessment fee. (Dkts. 42, 43).

II. Standard of Review

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam).

[F]ederal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

III. Discussion

In general, Amendment 782 revised the Drug Quantity Table and the chemical quantity tables across drug and chemical types. A reduction in the defendant's term of imprisonment is not consistent with USSG Sec. 1B1.10(a)(2) and is therefore not authorized under 18 U.S.C. Sec. 3582(c)(2) if : A) none of the amendments in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range. USSG 1B1.10(a)(2).

Amendment 782 does not apply to Defendant Ortiz' sentence in this case. A quantity of drugs is not an element of the violation of criminal law for which

2

Case No. 8:15-CR-266-T-17AAS

Defendant Ortiz was sentenced. The Court also notes that Defendant Ortiz was not sentenced to a term of imprisonment that was in excess of the statutory maximum.

After consideration, the Court denies Defendant Ortiz' Motion for Modification of Sentence. Accordingly, it is

**ORDERED** that pro se Defendant Josuel Ortiz' Motion for Modification of Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(2) (Dkt. 46) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 31st day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant:

Josuel Ortiz
#92261-208
FCI Talladega
P.M.B. 1000
Talladega, Alabama 35160

3